**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**
Civil Action No.: ___2:24-cv-993-RMG___

| | |
|---|---|
| **BASF CORPORATION, as successor in interest to CIBA CORPORATION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AIU INSURANCE COMPANY,**<br>**ALLIANZ GLOBAL RISKS US INSURANCE COMPANY,**<br>**ALLIANZ VERSICHERUNGS-AG,**<br>**ALLSTATE INSURANCE COMPANY,**<br>**AXA GROUP AG,**<br>**AXA INSURANCE COMPANY,**<br>**EMPLOYERS MUTUAL CASUALTY COMPANY,**<br>**FIRST STATE INSURANCE COMPANY,**<br>**GRANITE STATE INSURANCE COMPANY,**<br>**HDI GLOBAL INSURANCE COMPANY,**<br>**HDI GLOBAL SE,**<br>**INSCO LTD.,**<br>**INSURANCE COMPANY OF NORTH AMERICA,**<br>**INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,**<br>**INTERSTATE FIRE & CASUALTY COMPANY,**<br>**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,**<br>**NEW ENGLAND INSURANCE COMPANY,**<br>**RSA INSURANCE GROUP LIMITED,**<br>**TIG INSURANCE COMPANY,**<br>**TRAVELERS CASUALTY & SURETY COMPANY,**<br>**TWIN CITY FIRE INSURANCE COMPANY**<br>**WESTPORT INSURANCE CORPORATION;**<br>**and** | **COMPLAINT**<br>**(Jury Trial Demanded)** |

**ZURICH INSURANCE GROUP LTD.,**

**Defendants.**

Plaintiff BASF Corporation ("<u>BASF</u>" or "<u>Ciba</u>"), as successor-in-interest to Ciba Corporation ("<u>Ciba Corp.</u>"), by and through undersigned counsel, by way of Complaint against the defendant insurance companies identified below (collectively the "<u>Defendant Insurers</u>"), alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This is an insurance coverage action for breach of contract and declaratory relief under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.  This action arises under umbrella and excess liability insurance policies issued by the Defendant Insurers that provide coverage to BASF, as successor-in-interest to Ciba Corp., for certain alleged liabilities arising from claims and legal causes of action in lawsuits, including lawsuits currently pending before this Court in the Aqueous Film-Forming Foams ("<u>AFFF</u>") Multi-District Litigation, Docket No. 2:18-2873(RMG) (the "<u>MDL</u>").

2.      Specifically, Ciba Corp. and/or its predecessor manufactured the surfactant Lodyne, which was used, *inter alia*, in connection with the manufacture of certain AFFF.

3.      BASF, as successor-in-interest to Ciba Corp., has been named as a defendant in thousands of underlying lawsuits, which are brought by individual claimants, including current and former military and civilian firefighters, public, quasi-public and private water providers, state and municipal governmental authorities, and others, that allegedly have suffered bodily injury, property damage or personal injury, or some combination thereof, which they claim resulted from exposure to, *inter alia*, Lodyne manufactured, designed, sold, supplied or distributed by Ciba Corp. (or its predecessor) and used in AFFF (the "<u>AFFF Lawsuits</u>").  These AFFF Lawsuits seek to hold

BASF legally responsible for damages allegedly sustained by the underlying plaintiffs. The AFFF Lawsuits have been filed in various state courts, including in South Carolina, and also are pending in the MDL before the Honorable Richard M. Gergel, U.S.D.J., in this Court.

4.    By and through this action, BASF seeks insurance coverage for the AFFF Lawsuits.

5.    The Defendant Insurers' insurance policies, which insure BASF as the successor-in-interest to Ciba Corp., consist of umbrella and excess general liability insurance policies that provide coverage for alleged bodily and/or personal injury or property damage that took place during policy periods from 1976 to 1986.  Specifically, those insurance policies require the Defendant Insurers to pay all sums, including the payment of defense litigation fees and expenses, for which their insured shall become legally obligated to pay which arise out of an occurrence (the "Policies").

6.    The AFFF Lawsuits allege an occurrence that is covered by the Policies, and the AFFF Lawsuits seek damages for bodily injury, property damage, or personal injury, as those terms are used in the Policies.  The AFFF Lawsuits further allege that bodily injury, property damage, or personal injury occurred during the policy periods of the Policies.

7.    Accordingly, the Defendant Insurers are obligated to pay the litigation costs and expenses that BASF has incurred, and will continue to incur, in connection with the AFFF Lawsuits.  All Defendant Insurers also have an obligation to acknowledge coverage and, up to the full amount of their respective insurance policy limits, to indemnify BASF for all sums incurred to satisfy any legal liability incurred in connection with the AFFF Lawsuits, including any judgment or settlement entered in those matters.

8.    BASF has satisfied all terms and conditions of the Policies.  Thus, BASF is entitled to the full benefit of the insurance coverage available under the Policies for the AFFF Lawsuits.

9.      BASF brings this action for breach of contract and declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq*.  This case involves an actual, justiciable controversy between and among BASF and the Defendant Insurers because the Defendant Insurers have failed and refused to acknowledge their obligation to provide insurance coverage for the AFFF Lawsuits as required by the Policies.

## THE PARTIES

### *Plaintiff*

10.     BASF is a corporation organized and existing under the laws of the state of Delaware, with its headquarters and principal place of business located in New Jersey at 100 Park Avenue, Florham Park, New Jersey 07932.

11.     The Policies were issued to Ciba-Geigy Corporation (among others), and BASF, as the legal successor to Ciba Corp., is an insured under the Policies and, in turn, is the real party in interest in connection with the insurance claims being made under the Policies based on the following corporate history:   In 1996, Ciba-Geigy Corporation ("Ciba-Geigy") spun off its specialty chemicals business, which included the Lodyne product line, into a new entity called Ciba Specialty Chemicals Corporation ("Ciba Specialty"), which remained an insured under the Policies.  In 2007, Ciba Specialty changed its name to Ciba Corporation and, in 2009, BASF acquired Ciba Corporation.  Ciba Corporation was later converted to BASF Performance Products LLC and then merged into BASF Corporation.   Pursuant to the agreements concerning the separation of Ciba-Geigy Corporation's historic business lines, BASF has the right to make claims under the Policies.

### *Defendant Insurers*

16917439v2 08371.01042

12.    **AIU**.  Defendant AIU Insurance Company ("AIU") is a corporation organized under the laws of the state of New York, with its principal place of business located in the state of New York.  Upon information and belief, at all relevant times, AIU was and is licensed to do and is doing business in the state of South Carolina.  AIU, along with certain other insurers as identified herein, is also referred to as "AIG" and is part of the AIG family of insurers.

13.    **Allianz Global**.  Upon information and belief, Defendant Allianz Global Risks US Insurance Company ("Allianz Global") is a corporation organized under the laws of the state of Illinois, with its principal place of business located in the state of Illinois.  Upon information and belief, at all relevant times, Allianz Global was and is licensed to do and is doing business in the state of South Carolina.  Allianz Global is the successor-in-interest to those Policies issued by Fireman's Fund Insurance Company.  Allianz Global, along with certain other insurers as identified herein, is also referred to as "Allianz" and is part of the Allianz family of insurers.

14.    **Allianz AG**.  Upon information and belief, Defendant Allianz Versicherungs-AG ("Allianz AG") is a corporation organized under the laws of Germany, with its principal place of business located in Munich, Germany.  Allianz AG is the same entity as, or successor-in-interest to those Policies issued by, Allianz Versicherungs-Aktiengesellschaft.  Allianz AG, along with certain other insurers as identified herein, is also referred to as "Allianz" and is part of the Allianz family of insurers.

15.    **Allstate**.  Defendant Allstate Insurance Company ("Allstate") is a corporation organized under the laws of the state of Illinois, with its principal place of business located in the state of Illinois.  Upon information and belief, at all relevant times, Allstate was and is licensed to do and is doing business in the state of South Carolina.  Allstate is the successor-in-interest to those Policies issued by Northbrook Insurance Company.

16.    **AXA AG**.  Upon information and belief, Defendant AXA Group AG ("AXA AG") is a corporation organized under the laws of Germany, with its principal place of business located in Cologne, Germany.  AXA AG is the successor-in-interest to those Policies issued by Colonia Versicherung Aktiengesellschaft.  AXA AG, along with certain other insurers as identified herein, is also referred to as "AXA" and is part of the AXA family of insurers.

17.    **AXA Company**.  Defendant AXA Insurance Company ("AXA Company") is a corporation organized under the laws of the state of New York, with its principal place of business located in the state of New York.  Upon information and belief, at all relevant times, AXA Company was and is licensed to do and is doing business in the state of South Carolina.  AXA Company is the successor-in-interest to those Policies issued by Colonia Insurance Company.  AXA Company, along with certain other insurers as identified herein, is also referred to as "AXA" and is part of the AXA family of insurers.

18.    **Employers**.  Defendant Employers Mutual Casualty Company ("Employers") is a corporation organized under the laws of the state of Iowa, with its principal place of business located in the state of Iowa.  Upon information and belief, at all relevant times, Employers was and is licensed to do and is doing business in the state of South Carolina.

19.    **First State**.  Defendant First State Insurance Company ("First State") is a corporation organized under the laws of the state of Connecticut, with its principal place of business located in the state of Connecticut.  Upon information and belief, at all relevant times, First State was and is licensed to do and is doing business in the state of South Carolina.

20.    **Granite**.  Defendant Granite State Insurance Company ("Granite") is a corporation organized under the laws of the state of New York, with its principal place of business located in the state of Illinois.  Upon information and belief, at all relevant times, Granite was and is licensed

to do and is doing business in the state of South Carolina.  Granite, along with certain other insurers as identified herein, is also referred to as "AIG" and is part of the AIG family of insurers.

21.    **HDI Company**.  Upon information and belief, Defendant HDI Global Insurance Company ("HDI Company") is a corporation organized under the laws of Illinois, with its principal place of business located in Hannover, Germany.  Upon information and belief, at all relevant times, HDI Company was and is licensed to do and is doing business in the state of South Carolina.  HDI Company is the successor-in-interest to those Policies issued by Haftpflichtverband Der Deutschen Industrie V.a.G.  HDI Company, along with certain other insurers as identified herein, is also referred to as "HDI" and is part of the HDI family of insurers.

22.    **HDI SE**.  Upon information and belief, Defendant HDI Global SE ("HDI SE") is a corporation organized under the laws of Germany, with its principal place of business located in Hannover, Germany.  Upon information and belief, at all relevant times, HDI SE was and is licensed to do and is doing business in the state of South Carolina.  HDI SE is the successor-in-interest to those Policies issued by Gerling-Konzern Allgemeine Versicherungs-Aktiengesellschaft.  HDI SE, along with certain other insurers as identified herein, is also referred to as "HDI" and is part of the HDI family of insurers.

23.    **INSCO**.  Upon information and belief, Defendant INSCO Ltd. ("INSCO") is a corporation organized under the laws of Bermuda, with its principal place of business located in Bermuda.  Upon information and belief, at all relevant times, INSCO was and is licensed to do and is doing business in the state of South Carolina.  INSCO is the successor-in-interest to those Policies issued by INSCO Insurance Co.

24.    **INA**.  Defendant Insurance Company of North America ("INA") is a corporation organized under the laws of the state of Pennsylvania, with its principal place of business located

16917439v2 08371.01042

in the state of Pennsylvania.  Upon information and belief, at all relevant times, INA was and is licensed to do and is doing business in the state of South Carolina.  INA is also the successor-in-interest to those Policies issued by Central National Insurance Company of Omaha.

25.     **ICOSP**.  Defendant Insurance Company of the State of Pennsylvania ("ICOSP") is a corporation organized under the laws of the state of Illinois, with its principal place of business located in the state of New York.  Upon information and belief, at all relevant times, Pennsylvania was and is licensed to do and is doing business in the state of South Carolina.  Pennsylvania, along with certain other insurers as identified herein, is also referred to as "AIG" and is part of the AIG family of insurers.

26.     **Interstate**.  Defendant Interstate Fire & Casualty Company ("Interstate") is a corporation organized under the laws of the state of Illinois, with its principal place of business located in the state of Illinois.  Upon information and belief, at all relevant times, Interstate was and is licensed to do and is doing business in the state of South Carolina.  Interstate, along with certain other insurers as identified herein, is also referred to as "Allianz" and is part of the Allianz family of insurers.

27.     **National Union**.  Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a corporation organized under the laws of the state of Pennsylvania, with its principal place of business located in the state of New York.  Upon information and belief, at all relevant times, National Union was and is licensed to do and is doing business in the state of South Carolina.  National Union, along with certain other insurers as identified herein, is also referred to as "AIG" and is part of the AIG family of insurers.

28.     **New England**.  Defendant New England Insurance Company ("New England") is a corporation organized under the laws of the state of Connecticut, with its principal place of

business located in the state of Massachusetts.  Upon information and belief, at all relevant times, New England was and is licensed to do and is doing business in the state of South Carolina.

29.  **RSA**.  Defendant RSA Insurance Group Limited ("RSA") is a corporation organized under the laws of England and Wales, with its principal place of business located in London, England.  RSA is the successor-in-interest to those Policies issued by Royal Insurance.

30.  **TIG**.  Defendant TIG Insurance Company ("TIG") is a corporation organized under the laws of the state of New Hampshire, with its principal place of business located in the state of California.  Upon information and belief, at all relevant times, TIG was and is licensed to do and is doing business in the state of South Carolina.  TIG is the successor-in-interest to those Policies issued by Gibraltar Insurance Company.

31.  **Travelers**.  Defendant Travelers Casualty & Surety Company ("Travelers") is a corporation organized under the laws of the state of Connecticut, with its principal place of business located in the state of Connecticut.  Upon information and belief, at all relevant times, Travelers was and is licensed to do and is doing business in the state of South Carolina.  Travelers is the successor-in-interest to those Policies issued by Aetna Casualty & Surety Company.

32.  **Twin City**.  Defendant Twin City Fire Insurance Company ("Twin City") is a corporation organized under the laws of the state of Indiana, with its principal place of business located in the state of Connecticut.  Upon information and belief, at all relevant times, Twin City was and is licensed to do and is doing business in the state of South Carolina.

33.  **Westport**.  Defendant Westport Insurance Corporation ("Westport") is a corporation organized under the laws of the state of Missouri, with its principal place of business located in the state of Missouri.  Upon information and belief, at all relevant times, Westport was

and is licensed to do and is doing business in the state of South Carolina.  Westport is the successor-in-interest to those Policies issued by Manhattan Fire & Marine, and Puritan Insurance Company.

34.    **Zurich**.  Defendant Zurich Insurance Group LTD. ("Zurich") is a corporation organized under the laws of Switzerland, with its principal place of business located in Zurich, Switzerland.  Zurich is the successor-in-interest to those Policies issued by Zurich International LTD. and/or Zurich Insurance Company.

## JURISDICTION AND VENUE

35.    This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332.  Complete diversity exists because no defendant is domiciled in the same states as plaintiff (Delaware and New Jersey).  The amount in controversy exceeds $75,000 exclusive of interest and costs.

36.    This Court has personal jurisdiction over each Defendant Insurer because each Defendant Insurer: (i) is licensed to do business in South Carolina; (ii) has engaged, and continues to engage, in substantial business activities in this State, including but not limited to selling insurance to policyholders in this State; (iii) has insured, and continues to insure, risks located in this State, *inter alia*, through the issuance of the Policies for the benefit of BASF; (iv) included South Carolina within the coverage territory of each of the Policies at issue, thereby insuring South Carolina risks relating to Ciba Corp.'s operations, products, and interests in or relating to South Carolina; (v) through their Policies, promised to provide insurance coverage for legal liabilities that may be imposed on a nationwide basis in connection with products that would be, and were, sold on a nationwide basis, including in South Carlina; and/or (vi) did not include any territorial limit within the Policies that would preclude BASF from pursuing coverage from the Defendant Insurers for all sums that it must incur to defend and resolve the AFFF Lawsuits currently pending

in this State.  In addition, at least 70 of the AFFF Lawsuits were directly filed in the state and federal courts of South Carolina or were filed in the AFFF MDL and identified the District of South Carolina as their home venue.

37.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because (i) each Defendant Insurer is subject to personal jurisdiction in this district; (ii) a substantial part of the events giving rise to this action occurred in this district, because, *inter alia*, the Policies promise to provide insurance coverage for alleged legal liabilities that may arise, *inter alia*, in this State; and (iii)  the MDL for the AFFF Lawsuits is venued in this district and there is substantial overlap between the facts that will be developed in the MDL to address the AFFF Lawsuits and the scope of the Defendant Insurers' coverage obligations for those lawsuits.  In addition, at least 70 of the AFFF Lawsuits were directly filed in the state and federal courts of South Carolina or were filed in the AFFF MDL and identified the District of South Carolina as their home venue.

## FACTUAL BACKGROUND

### *The AFFF Lawsuits*

38.    BASF has been named as a defendant in thousands of AFFF Lawsuits which allege bodily injury, personal injury, and/or property damage or some combination thereof caused by chemicals known as per- and polyfluoroalkyl substances ("PFAS").  BASF is a defendant in the AFFF Lawsuits in connection with Lodyne, a product that was manufactured by Ciba Corp. (or its predecessor) and for which third parties seek to hold BASF legally liable.

39.    From approximately 1976 until 1991, Ciba Corp. (or its predecessor) sold Lodyne to Ansul, a company that manufactures fire suppression products, including AFFF.  After 1991, Ciba Corp. sold Lodyne to other AFFF manufacturers such as National Foam and Chemguard.

16917439v2 08371.01042

40.     The AFFF Lawsuits include all MDL AFFF Lawsuits and includes all similarly situated lawsuits now pending in any other courts or jurisdictions or which may be asserted in the future, whether in the MDL or in other courts of competent jurisdiction.

41.     The Policies provide coverage for the AFFF Lawsuits.

42.     The AFFF Lawsuits: (a) allege an "occurrence" as that term is defined in the Policies; (b) seek damages for bodily injury, personal injury or property damage (or combination thereof) that occurred during one or more of the policy periods of the Policies; and (c) seek to impose a legal liability against BASF, as successor-in-interest to Ciba Corp.  The allegations in the AFFF Lawsuits require the Defendant Insurers to pay "all sums" that BASF is obligated to pay that is an "ultimate net loss" as defined in the Policies, including: (a) BASF's litigation costs and expenses in the AFFF Lawsuits; and (b) any judgment or settlement that BASF must satisfy to resolve the AFFF Lawsuits.

43.     Each of the Policies contain a prior insurance or non-cumulation provision that compresses insurance coverage for a continuing injury or damage claims, such as the AFFF Lawsuits, into a singular policy year or, as applicable, years.  As a result, under applicable law, BASF is entitled to select which policy year or policy years will apply to such claims.

44.     The AFFF Lawsuits seek damages based on causes of action sounding in, *inter alia*, product liability, strict liability, including strict products liability, failure to warn, nuisance, negligence, and trespass.

45.     BASF vigorously has defended the AFFF Lawsuits and disputes all allegations of liability and wrongdoing in the AFFF Lawsuits.  BASF will continue to vigorously defend the AFFF Lawsuits.  The Defendant Insurers have wrongful failed to fund or otherwise participate in BASF's defense of the AFFF Lawsuits.

46.    The Defendant Insurers have breached the Policies by failing and refusing to acknowledge their obligations to pay BASF for the litigation costs and expenses that have been, and will continue to be incurred, to defend the AFFF Lawsuits.

47.    The Defendant Insurers have failed and refused to acknowledge their obligations under the Policies to pay BASF or on its behalf all sums for which BASF may be held legally responsible to resolve the AFFF Lawsuits, whether through settlement, judgment, or otherwise.

48.    None of the exclusion or other policy terms or conditions relied upon by the Defendant Insurers apply to excuse or minimize the Defendant Insurers' obligations to provide coverage for the AFFF Lawsuits.

## **THE POLICIES**

### *The AIG Policies*

49.    During the policy period(s) referenced below, AIG issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| AIG Insurer | Policy Period |
|---|---|
| AIU | April 1, 1977 – April 1, 1978 |
| AIU | April 1, 1978 – April 1, 1979 |
| AIU | April 1, 1979 – April 1, 1980 |
| AIU | April 1, 1980 – April 1, 1981 |
| AIU | April 1, 1981 – April 1, 1982 |
| AIU | April 1, 1982 – April 1, 1983 |
| AIU | April 1, 1983 – April 1, 1984 |
| AIU | April 1, 1984 – April 1, 1985 |
| Granite | April 1, 1976 – April 1, 1977 |
| Granite | April 1, 1978 – April 1, 1979 |
| Granite | April 1, 1979 – April 1, 1980 |
| Granite | April 1, 1980 – April 1, 1981 |
| Granite | April 1, 1981 – April 1, 1982 |

| Granite | April 1, 1982 – April 1, 1983 |
| Granite | April 1, 1983 – April 1, 1984 |
| Granite | April 1, 1984 – April 1, 1985 |
| ISCOP | April 1, 1976 – April 1, 1977 |
| ISCOP | April 1, 1977 – April 1, 1978 |
| National Union | April 1, 1976 – April 1, 1977 |
| National Union | April 1, 1977 – April 1, 1978 |
| National Union | April 1, 1978 – April 1, 1979 |
| National Union | April 1, 1979 – April 1, 1980 |
| National Union | April 1, 1980 – April 1, 1981 |
| National Union | April 1, 1981 – April 1, 1982 |
| National Union | April 1, 1982 – April 1, 1983 |
| National Union | April 1, 1983 – April 1, 1984 |
| National Union | April 1, 1984 – April 1, 1985 |

### *The Allianz Policies*

50.    During the policy period(s) referenced below, Allianz issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| Allianz Insurer | Policy Period |
| --- | --- |
| Allianz Global | April 1, 1976 – April 1, 1977 |
| Allianz Global | April 1, 1977 – April 1, 1978 |
| Allianz AG | April 1, 1977 – April 1, 1978 |
| Allianz AG | April 1, 1978 – April 1, 1979 |
| Allianz AG | April 1, 1979 – April 1, 1980 |
| Allianz AG | April 1, 1980 – April 1, 1981 |
| Allianz AG | April 1, 1981 – April 1, 1982 |
| Allianz AG | April 1, 1982 – April 1, 1983 |
| Allianz AG | April 1, 1983 – April 1, 1984 |
| Allianz AG | April 1, 1984 – April 1, 1985 |
| Allianz AG | April 1, 1985 – April 1, 1986 |
| Interstate | April 1, 1976 – April 1, 1977 |

16917439v2 08371.01042

51.    During the policy period(s) referenced below, Allstate issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| Allstate Insurer | Policy Period |
|---|---|
| Allstate | April 1, 1976 – April 1, 1977 |
| Allstate | April 1, 1977 – April 1, 1978 |
| Allstate | April 1, 1978 – April 1, 1979 |
| Allstate | April 1, 1979 – April 1, 1980 |
| Allstate | April 1, 1980 – April 1, 1981 |
| Allstate | April 1, 1981 – April 1, 1982 |
| Allstate | April 1, 1982 – April 1, 1983 |

52.    During the policy period(s) referenced below, AXA issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| AXA Insurer | Policy Period |
|---|---|
| AXA AG | April 1, 1977 – April 1, 1978 |
| AXA AG | April 1, 1978 – April 1, 1979 |
| AXA Company | April 1, 1979 – April 1, 1980 |
| AXA Company | April 1, 1980 – April 1, 1981 |
| AXA Company | April 1, 1981 – April 1, 1982 |
| AXA Company | April 1, 1982 – April 1, 1983 |
| AXA Company | April 1, 1983 – April 1, 1984 |
| AXA Company | April 1, 1984 – April 1, 1985 |
| AXA Company | April 1, 1985 – April 1, 1986 |

53.    During the policy period(s) referenced below, Employers issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| Employers Insurer | Policy Period |
|---|---|

-15-

| Employers | April 1, 1978 – April 1, 1979 |
| Employers | April 1, 1979 – April 1, 1980 |
| Employers | April 1, 1980 – April 1, 1981 |
| Employers | April 1, 1981 – April 1, 1982 |

54.    During the policy period(s) referenced below, First State issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| First State Insurer | Policy Period |
| --- | --- |
| First State | April 1, 1976 – April 1, 1977 |

55.    During the policy period(s) referenced below, HDI issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| HDI Insurer | Policy Period |
| --- | --- |
| HDI SE | April 1, 1976 – April 1, 1977 |
| HDI SE | April 1, 1977 – April 1, 1978 |
| HDI SE | April 1, 1978 – April 1, 1979 |
| HDI SE | April 1, 1979 – April 1, 1980 |
| HDI SE | April 1, 1980 – April 1, 1981 |
| HDI SE | April 1, 1981 – April 1, 1982 |
| HDI SE | April 1, 1982 – April 1, 1983 |
| HDI SE | April 1, 1983 – April 1, 1984 |
| HDI SE | April 1, 1984 – April 1, 1985 |
| HDI SE | April 1, 1985 – April 1, 1986 |
| HDI Company | April 1, 1978 – April 1, 1979 |
| HDI Company | April 1, 1979 – April 1, 1980 |
| HDI Company | April 1, 1980 – April 1, 1981 |
| HDI Company | April 1, 1981 – April 1, 1982 |
| HDI Company | April 1, 1982 – April 1, 1983 |
| HDI Company | April 1, 1983 – April 1, 1984 |

-16-

| HDI Company | April 1, 1984 – April 1, 1985 |
| HDI Company | April 1, 1985 – April 1, 1986 |

56.    During the policy period(s) referenced below, INSCO issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| INSCO Insurer | Policy Period |
|---|---|
| INSCO | April 1, 1979 – April 1, 1980 |
| INSCO | April 1, 1980 – April 1, 1981 |
| INSCO | April 1, 1981 – April 1, 1982 |

57.    During the policy period(s) referenced below, INA issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| INA Insurer | Policy Period |
|---|---|
| INA | April 1, 1977 – April 1, 1978 |
| INA | April 1, 1978 – April 1, 1979 |
| INA | April 1, 1979 – April 1, 1980 |
| INA | April 1, 1980 – April 1, 1981 |
| INA | April 1, 1981 – April 1, 1982 |
| INA | April 1, 1982 – April 1, 1983 |
| INA | April 1, 1983 – April 1, 1984 |
| INA | April 1, 1984 – April 1, 1985 |
| INA | April 1, 1985 – April 1, 1986 |

58.    During the policy period(s) referenced below, New England issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| New England Insurer | Policy Period |
|---|---|

| | |
|---|---|
| New England | April 1, 1984 – April 1, 1985 |

59.    During the policy period(s) referenced below, RSA issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| RSA Insurer | Policy Period |
|---|---|
| RSA | April 1, 1984 – April 1, 1985 |

60.    During the policy period(s) referenced below, TIG issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| TIG Insurer | Policy Period |
|---|---|
| TIG | April 1, 1979 – April 1, 1980 |
| TIG | April 1, 1980 – April 1, 1981 |
| TIG | April 1, 1981 – April 1, 1982 |
| TIG | April 1, 1982 – April 1, 1983 |
| TIG | April 1, 1983 – April 1, 1984 |
| TIG | April 1, 1984 – April 1, 1985 |

61.    During the policy period(s) referenced below, Travelers issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| Travelers Insurer | Policy Period |
|---|---|
| Travelers | April 1, 1976 – April 1, 1977 |
| Travelers | April 1, 1977 – April 1, 1978 |
| Travelers | April 1, 1978 – April 1, 1979 |
| Travelers | April 1, 1979 – April 1, 1980 |
| Travelers | April 1, 1980 – April 1, 1981 |
| Travelers | April 1, 1981 – April 1, 1982 |

-18-

| Travelers | April 1, 1982 – April 1, 1983 |
| Travelers | April 1, 1983 – April 1, 1984 |
| Travelers | April 1, 1984 – April 1, 1985 |
| Travelers | April 1, 1985 – April 1, 1986 |

62.    During the policy period(s) referenced below, Twin City issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| Twin City Insurer | Policy Period |
| --- | --- |
| Twin City | April 1, 1982 – April 1, 1983 |
| Twin City | April 1, 1983 – April 1, 1984 |
| Twin City | April 1, 1984 – April 1, 1985 |
| Twin City | April 1, 1985 – April 1, 1986 |

63.    During the policy period(s) referenced below, Westport issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| Westport Insurer | Policy Period |
| --- | --- |
| Westport | April 1, 1976 – April 1, 1977 |
| Westport | April 1, 1977 – April 1, 1978 |

64.    During the policy period(s) referenced below, Zurich issued or subscribed to at least the following Policies (bearing policy no. 10502) at one or more excess layers, under which insurance coverage for the AFFF Lawsuits is owed to BASF:

| Zurich Insurer | Policy Period |
| --- | --- |
| Zurich | April 1, 1977 – April 1, 1978 |
| Zurich | April 1, 1981 – April 1, 1982 |
| Zurich | April 1, 1982 – April 1, 1983 |
| Zurich | April 1, 1983 – April 1, 1984 |

-19-

| Zurich | April 1, 1984 – April 1, 1985 |
| Zurich | April 1, 1985 – April 1, 1986 |

## CAUSES OF ACTION

### COUNT I
**(Declaratory Judgment)**
**(Defense Costs and Litigation Expenses)**

65.    BASF repeats, realleges, and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

66.    Under the Policies, the Defendant Insurers have a duty to pay defense costs and litigation expenses paid or incurred by BASF in connection with the AFFF Lawsuits.

67.    BASF has paid and incurred substantial defense costs and litigation expenses, which are covered under the Policies, to defend the AFFF Lawsuits.

68.    The Defendant Insurers have refused to pay and have refused to acknowledge their obligation to pay for any defense costs and litigation expenses under the Policies incurred, and to be incurred, by BASF in connection with the AFFF Lawsuits.

69.    The Defendant Insurers' failure and refusal to pay BASF for its defense costs and litigation expenses incurred, and to be incurred, in connection with the AFFF Lawsuits constitutes a breach of the Policies and has caused, and will continue to cause, BASF to incur significant damages that are covered by the Policies.

70.    As a result, an actual and justiciable controversy exists between BASF and the Defendant Insurers regarding the Defendant Insurers' obligations to pay defense costs and litigation expenses under the Policies.

### COUNT II
**(Breach of Contract)**
**(Defense Costs and Litigation Expenses)**

-20-

71.    BASF repeats, realleges, and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

72.    Under the Policies, the Defendant Insurers have a duty to pay defense costs and litigation expenses paid or incurred by BASF in connection with the AFFF Lawsuits.

73.    BASF has paid and incurred substantial defense costs and litigation expenses, which are covered under the Policies, to defend the AFFF Lawsuits.

74.    The Defendant Insurers have refused to pay and have refused to acknowledge their obligation to pay for any defense costs and litigation expenses due and owing under the Policies incurred by BASF in connection with the AFFF Lawsuits.

75.    The Defendant Insurers' failure and refusal to pay BASF for its defense costs incurred in connection with the AFFF Lawsuits constitutes a breach of the Policies and has caused, and will continue to cause, BASF to incur significant damages that are covered by the Policies.

## COUNT III
### (Declaratory Judgment)
### (Indemnification Obligations)

76.    BASF repeats, realleges, and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

77.    The Defendant Insurers have a duty to pay all sums incurred by, or to be incurred by, BASF to resolve the AFFF Lawsuits through settlement or satisfaction of any judgment entered, or otherwise.

78.    The Defendant Insurers have refused to pay or have refused to acknowledge their indemnity obligations for any settlements or judgments incurred by BASF in the AFFF Lawsuits.

79.    Because of the Defendant Insurers' failure and refusal to pay on behalf of BASF, or to acknowledge its indemnity obligations for, any settlements or judgments incurred or to be

-21-

incurred in connection with the AFFF Lawsuits, an actual and justiciable controversy exists between BASF and the Defendant Insurers regarding the Defendant Insurers' obligations under the Policies.

## **PRAYER FOR RELIEF**

WHEREFORE, BASF respectfully demands judgment against the Defendant Insurers as follows:

A.    As to the First Count, a declaration that the Defendants Insurers are required to pay BASF's past and future defense costs and litigation expenses incurred, and to be incurred, to defend the AFFF Lawsuits;

B.    As to the Second Count: award BASF compensatory, consequential, and other damages that BASF has suffered, in an amount to be determined at trial.

C.    As to the Third Count: a declaration that the Defendant Insurers are required to pay all sums incurred by BASF in connection with the resolution of the AFFF Lawsuits, whether resolved by settlement, judgment, or otherwise.

D.    As to all Counts: an order obligating the Defendant Insurers to pay (i) all costs incurred by BASF in bringing this action, including attorneys' fees and expenses and experts' fees, (ii) pre- and post-judgment interest; and (iii) such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

February 27, 2024                    Respectfully Submitted,

  /s/David C. Kimball                   
David C. Kimball
ROBINSON, BRADSHAW & HINSON, P.A.
202 East Main Street, Suite 201

Rock Hill, South Carolina 29730
(803) 325-2900
dkimball@robinsonbradshaw.com

Lynda A. Bennett (*pro hac vice* forthcoming)
Eric Jesse (*pro hac vice* forthcoming)
Heather Weaver (*pro hac vice* forthcoming)
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700
lbennett@lowenstein.com
ejesse@lowenstein.com
hweaver@lowenstein.com

*Attorneys for BASF Corporation*