# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION
### Civil Action No.: 2:24-cv-993-RMG

|  |  |
|---|---|
| BASF CORPORATION | ) |
|  | ) |
| v. | ) |
|  | ) |
| AIU INSURANCE COMPANY ET AL | ) |
|  | ) |

## DEFENDANT ALLSTATE INSURANCE COMPANY'S
## MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

{80324726:1}

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ................................................................................................... ii

NATURE OF THE CASE AND STATEMENT OF FACTS .........................................................1

ARGUMENT.................................................................................................................................6

I.  DISMISSAL IS WARRANTED UNDER FEDERAL RULE OF
    CIVIL PROCEDURE RULE 12(b)(7) FOR FAILING TO JOIN
    ALL NECESSARY AND INDISPENSABLE PARTIES......................................................6

    A.  Absent Insurers Are Necessary Parties ................................................................7

    B.  Absent Insurers Are Indispensable Parties .........................................................10

II. THE COURT LACKS PERSONAL JURISDICTION OVER ALLSTATE ....................13

III. THE COURT SHOULD DISMISS OR STAY THIS CASE UNDER THE
     DOCTRINE OF *FORUM NON CONVENIENS*...................................................................13

IV. THE COURT SHOULD DECLINE TO EXERCISE ITS
    DISCRETIONARY DJA JURISDICTION UNDER GENERAL
    PRINCIPLES OF LAW, AS WELL AS THE *BRILLHART-WILTON*
    AND *COLORADO RIVER* ABSTENTION DOCTRINES .................................................13

V.  BASF LACKS CAPACITY TO SUE IN SOUTH CAROLINA
    UNDER SOUTH CAROLINA'S DOOR-CLOSING STATUTE ..................................13

CONCLUSION..............................................................................................................................14

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Gunvor SA v. Kayablian*,
  948 F.3d 214 (4th Cir. 2020) ................................................................................................ 12

*Home Buyers Warranty Corp. v. Hanna*,
  750 F.3d 427 (4th Cir. 2014) ................................................................................. 6, 7, 11, 12

*Nat. Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of South Carolina, Inc.*,
  210 F.3d 246 (4th Cir. 2000) ..................................................................................... 7, 11, 12

*Republic of Philippines v. Pimentel*,
  553 U.S. 851 (2008).................................................................................................................11

*Schlumberger Indus., Inc. v. Nat. Sur. Corp.*,
  36 F.3d 1274 (4th Cir. 1994) .............................................................................................. 9, 12

*Teamsters Local Union No. 171 v. Keal Driveaway Co.*,
  173 F.3d 915 (4th Cir. 1999) ................................................................................................... 7

**Other Authorities**
28 U.S.C. § 1331................................................................................................................................ 3
28 U.S.C. § 1332............................................................................................................................ 3, 6

**Rules**
Federal Rule of Civil Procedure 12 ............................................................................................ 1, 6
Federal Rule of Civil Procedure 19 ........................................................................................ 7-13

**Statutes**
S.C. Code Ann. § 15-5-150...........................................................................................................1, 13

Defendant, Allstate Insurance Company ("Allstate"), solely as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company ("Northbrook"), respectfully submits this Memorandum in Support of its Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join all of the insurers which BASF has alleged owe it coverage for certain claims against it. The Court should dismiss this action because these unpled insurers are necessary and indispensable parties and because BASF has an adequate remedy—its "more comprehensive" New Jersey state action that includes these unpled insurers. Allstate also joins and incorporates by reference the Motions to Dismiss filed by Defendants AIU Insurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, and National Union Fire Insurance Company of Pittsburgh, Pa., (collectively, the "Partial AIG Insurers")[1] and Defendant Coliseum Reinsurance Company, as successor by merger to AXA Insurance Company, formerly known as Colonia Insurance Company, a New York Corporation ("Coliseum")[2] pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (6), S.C. Code Ann. § 15-5-150, and supporting Memorandums and documents.

## NATURE OF THE CASE AND STATEMENT OF FACTS

BASF has behaved as a serial filer of insurance coverage actions and through its wasteful efforts has resulted in Allstate currently being a defendant to three separate lawsuits, including the subject action. BASF's request for coverage under certain excess insurance policies issued by Northbrook and other insurers for alleged bodily injury and property damage due to exposure from per- and poly-fluorinated substances ("PFAS") has led to various jurisdictional arguments that

---

[1] *See* Notice of Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss the Amended Complaint filed on April 24, 2024 by Partial AIG Insurers. (ECF No. [____]) (*Filing forthcoming*).

[2] *See* Notice of Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss the Amended Complaint filed on April 24, 2024 by Coliseum. (ECF No. 34).

have engulfed various courts around the country in endless motion practice. The other two, more comprehensive coverage actions are: (1) *Certain Underwriters at Lloyd's, London, et al. v. BASF Corporation, et al.*, pending in the United States District Court for the Southern District of New York, Docket No. 1:24-cv-01684-JHR, which was removed from the Supreme Court of the State of New York, New York County, Index No. 651150/2024 ("New York Action"); and (2) *BASF Corporation v. Ace American Insurance, et al.*, Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MID-L-1648-24 ("New Jersey Action"). *See* Affidavit of Stefano V. Calogero ("Calogero Aff."), Ex. A, Ex. B. These three parallel actions exist as a direct result of BASF's forum shopping.

BASF admits its failures and jurisdictional jousting in paragraph 69 of its New Jersey Action:

> In addition, BASF brings this action to include Defendants Insurers not named in (i) the First Filed D.S.C. Action due to lack of diversity of citizenship with BASF or otherwise or in (ii) the Second Filed New York Action. Additionally, because this action includes Defendant Insurers not named as defendants in the Second Filed New York Action and additional causes of action, this action is more comprehensive than the Second Filed New York Action.

Calogero Aff., Ex. B, ¶ 69. BASF's New Jersey Action has the London Insurers and other necessary and indispensable insurers as parties, and it is more comprehensive than the South Carolina Action. BASF effectively admits its New Jersey Action is the most comprehensive. Against this backdrop, BASF's South Carolina pleading is woefully deficient and should be dismissed.

BASF's subject complaint conspicuously failed to plead numerous insurers and policies, including the London Insurers who issued first level excess insurance policies in a number of years that underlie the policies issued by Northbrook and other insurers. Consequently, the London

Insurers were forced to file a more comprehensive action in New York on March 4, 2024, to protect their interests. *See* Calogero Aff., Ex. A. London Insurers' New York Action Complaint included additional insurers not pled in the instant action, including Lexington Insurance Company ("Lexington") and Everest Reinsurance Company (f/k/a Prudential Reinsurance Company ("Everest"). *Id.*

Two days later, on March 6, 2024, BASF removed the New York Action to the United States District Court for the Southern District of New York, Docket No. 1:24-cv-01684, and then, on March 7, 2024, filed a Notice of a Potential Tag-Along Action before the Judicial Panel on Multidistrict Litigation ("JPML"), claiming that the New York Action should be transferred to the Aqueous Film-Forming Foams ("AFFF") MDL pending in this Court. On March 28, 2024, the JPML issued a Conditional Transfer Order ("CTO"). On April 4, 2024, the London Insurers filed—along with many insurer defendants —a notice of Joint Opposition in the JPML notifying the JPML that it will file a motion to vacate the CTO issued by the JPML on March 28, 2024. On April 19, 2024, the London Insurers, along with twenty joining insurers, filed in the JPML their Motion to Vacate the CTO.

On March 13, 2024, the London Insurers moved to remand the New York Action because BASF failed to satisfy the diversity and amount in controversy requirements for the federal court to have subject matter jurisdiction over the matter under 28 U.S.C. §§ 1331, 1332. [New York Action, Dkt. Nos. 7, 8.] Later that same day, BASF moved to stay the New York Action pending a decision by the JPML. [New York Action, Dkt. Nos. 9, 10].

Less than three hours after it moved to stay the New York Action, BASF filed the New Jersey Action that includes the London Insurers, Lexington, Everest, and even more insurers and causes of action than the first two lawsuits. *See* Calogero Aff., Ex. B. Allstate has answered the

New Jersey Action and served discovery. *See* Calogero Aff., Ex. C. The New Jersey Action is not the first time there has been an insurance coverage action filed in New Jersey involving a Ciba-Geigy product that polluted the groundwater and the environment where all of the insurers were joined in one action to resolve the coverage disputes. *See* Calogero Aff., Ex. E.

As is evident from BASF's New Jersey Complaint, BASF intentionally did not plead the necessary insurers and policies, including London Insurers, Lexington, and Everest, in the instant action because their involvement would deprive this Court of diversity jurisdiction. Specifically, BASF failed to include in this action fifteen[3] of its insurance carriers ("Absent Insurers") comprising forty-six insurance policies that are included in the New Jersey Action. *See* Calogero Aff., Ex. B, ¶¶ 12, 19–20, 22, 23, 31, 32–33, 36, 43–48. Five[4] of the Absent Insurers are domiciled in or have their principal place of business in Delaware and/or New Jersey. *Id.* ¶¶ 22–23, 31–32, 46. These Absent Insurers, and their respective policies, have an interest in the instant action that mandates their joinder. There are over $200 Million in total policy limits for the policies issued by these Absent Insurers. *See* Calogero Aff., ¶ 6.

---

[3] Ace American Insurance Company; Certain Underwriters at Lloyd's London; Certain London Market Insurance Companies; Everest Reinsurance Company; Federal Insurance Company; Lexington Insurance Company; Munich Reinsurance America, Inc.; National Casualty; New England Reinsurance Corporation; Safety National Casualty Corporation; Midstates Reinsurance Corporation; European Reinsurance Company of Zurich; Greenwich Insurance Company; Swiss Reinsurance Company; and Pacific Insurance Company. *See* Calogero Aff., Ex. B, ¶¶ 12, 19–20, 22, 23, 31, 32–33, 36, 43–48.

[4] Everest Reinsurance Company is a Delaware Corporation, and its Principal Place of Business is in New Jersey; Federal Insurance Company's Principal Place of Business is in New Jersey; Lexington Insurance Company is a Delaware Corporation; Munich Reinsurance America, Inc. is a Delaware Corporation and its Principal Place of Business is in New Jersey; and Greenwich Insurance Company is a Delaware Corporation. *See* Calogero Aff., Ex. B, ¶¶ 22, –23, 31–32, 46.

In this action, BASF seeks insurance coverage from Allstate pursuant to the following excess liability insurance policies issued or subscribed by Northbrook to Ciba-Geigy Corporation under Policy Number 10502B:

| **POLICY PERIOD** | **POLICY NUMBER** | **NORTHBROOK POLICY REFERENCES[5]** |
|---|---|---|
| 4/1/76-4/1/77 | 10502B | 63-001-845 |
|  |  | 63-001-846 |
| 4/1/77-4/1/78 | 10502B | 63-002-959 |
|  |  | 63-002-960 |
| 4/1/78-4/1/79 | 10502B | 63-004-325 |
|  |  | 63-004-324 |
| 4/1/79-4/1/80 | 10502B | 63-005-611 |
|  |  | 63-005-610 |
| 4/1/80-4/1/81 | 10502B | 63-006-604 |
|  |  | 63-006-603 |
|  |  | 63-006-602 |
| 4/1/81-4/1/82 | 10502B | 63-007-791 |
|  |  | 63-007-792 |
|  |  | 63-007-793 |
| 4/1/82-4/1/83 | 10502B | 63-008-651 |
|  |  | 63-008-652 |
|  |  | 63-008-653 |

(hereinafter "Policies"). *See* Compl. ¶ 51.

The 10502B policies are manuscript policies under which Northbrook and other insurers subscribed to various layers of coverage under various policy periods. *See, e.g.*, Calogero Aff., Ex. F. The London Insurers, who are not named in this action but named in the New York and New Jersey Actions, issued first layer excess liability insurance policies to Ciba-Geigy Corporation for the policy period April 1, 1976 to April 1, 1986. *See* Calogero Aff., Ex. A, Ex. D.

Moreover, the 1976 to 1986 Ciba-Geigy policies contain various quota share policies under which multiple insurers participated in particular layers of coverage and a similar policy was issued

---

[5] Each Northbrook layer in each year was assigned a Northbrook Policy Number in addition to the 10502B number.

for these layers, presented by Ciba-Geigy's broker as a manuscript policy. *See* Calogero Aff., Ex. F, at NB 002104. Lexington and Everest, who are also not named in this action but named in the New York and New Jersey Actions, participated in quota share layers of coverage with Northbrook and other excess insurers for the policy periods April 1, 1976 through April 1, 1986. *See* Calogero Aff., Ex. D. Accordingly, insurers who share a layer with the Northbrook policies in many years, are not parties to these actions and rulings on the manuscript policies should not be made in their absence.[6]

## ARGUMENT

I. **DISMISSAL IS WARRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(7) FOR FAILING TO JOIN ALL NECESSARY AND INDISPENSABLE PARTIES**

In order for a district court to have jurisdiction over any action brought under diversity jurisdiction, 28 U.S.C. § 1332(a), "the state of citizenship of each plaintiff must be different from that of each defendant." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) (internal citation omitted). Under Federal Rule of Civil Procedure 19, a district court should dismiss a case if a nondiverse, absent party is necessary and indispensable to an action. Federal Rule of Civil Procedure 19 limits the discretion a plaintiff has in determining which parties to include in an action by defining which parties are required for adjudication. "If a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 12.

---

[6] For instance, Lexington participated in the coverage layer of $15 Million excess of $16 Million excess of primary for the April 1, 1981 to April 1, 1982 policy period with Northbrook and four other insurers. Calogero Aff., Ex. D. Northbrook's policy shared $1.5 Million of the $15 Million in limits, Lexington's policy shared $2 Million of the $15 Million in limits and the other four insurers' policies shared the remaining $11.5 Million of the $15 Million shared limits. Id. Lexington also shared other coverage layers in other years with Northbrook and various excess insurers. Id.

BASF is a Delaware corporation with a principal place of business located in New Jersey. *See* Calogero Aff., Ex. B ¶ 10. BASF's subject Complaint includes three counts: (1) Declaratory Judgment Defense Costs and Litigation Expenses; (2) Breach of Contract Defense Costs and Litigation Expense; and (3) Declaratory Judgment Indemnification Obligations. All three counts require an analysis of BASF's available insurance coverage, but BASF failed to include all of its insurers and their respective policies. This includes the London Insurers who issued first layer excess policies and Lexington who shared layers of coverage with Northbrook and other excess insurers.

"Federal Rule of Civil Procedure 19 sets forth a two-step inquiry for a district court to determine whether a party should be joined in an action." *Nat. Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246, 249 (4th Cir. 2000). "The first question under Rule 19(a) is 'whether a party is necessary to a proceeding because of its relationship to the matter under consideration.'" *Home Buyers Warranty Corp.*, 750 F.3d at 433 (quoting *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917-18 (4th Cir. 1999)). "Second, if the party is necessary but joining it to the action would destroy complete diversity, the court must decide under Rule 19(b) 'whether the proceeding can continue in that party's absence.'" *Id.* (quoting *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917–18 (4th Cir. 1999)). Stated differently, Federal Rule of Civil Procedure 19(a) determines whether a party is necessary and 19(b) determines whether a party is indispensable.

### A.     Absent Insurers Are Necessary Parties

The text of Federal Rule of Civil Procedure 19(a) provides three factors for a court to conclude that a party is necessary: Fed. R. Civ. P. 19(a)(1)(A), (a)(1)(B)(i), (a)(1)(B)(ii). Each of

these factors are a separate basis for concluding that the Absent Insurers are necessary parties. Federal Rule of Civil Procedure 19(a) provides:

> 19(a) Persons Required to Be Joined if Feasible.
>
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

First, under 19(a)(1)(B)(ii), the Absent Insurers' absence leaves the currently pled insurers "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the [Absent Insurers'] interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). As discussed above, there are two other parallel declaratory judgment actions in New York and New Jersey. The courts in all three of these actions will have to determine, under the material facts and law, whether the policies issued to BASF: provide coverage for defense costs and litigation expenses, decide whether and when a policy is triggered, determine whether polices are exhausted, and make other coverage determinations.

The currently pled insurers face a substantial risk of incurring varying inconsistent obligations based on inconsistent policy interpretations by the three courts. This potential for prejudice for the currently pled insurers, is amplified by the fact that the New York and New Jersey

Actions include insurers, and their respective policies, not included in the instant action. *See Schlumberger Indus., Inc. v. Nat. Sur. Corp.*, 36 F.3d 1274, 1286 (4th Cir. 1994). As such, the first factor warrants a finding that the Absent Insurers are necessary parties to this action.

Federal Rule of Civil Procedure 19(a)(1)(A) provides another basis for the Court to find the Absent Insurers necessary because the Court cannot accord complete relief among existing parties without all the addition of all BASF's insurers. The unpled London Insurers issued first layer excess policies that sit below the policies issued by excess insurers such as Northbrook. The Court cannot make coverage determinations for the policies excess of the London Insurers' policies without first making findings relevant to the underlying policies. *See id.* at 1287 n.25 (noting support that absent primary insurers are necessary and indispensable parties because a court cannot adjudicate the liability of an excess insurer without first determining the primary insurer's liability.). BASF, by way of its New Jersey complaint, tacitly acknowledges that this Court cannot accord complete relief among existing parties by initiating a more comprehensive "action to include Defendant Insurers not named in (i) the First Filed D.S.C. Action due to lack of diversity of citizenship with BASF." *See* Calogero Aff., Ex. B, ¶ 69. Accordingly, this factor weighs in favor of finding that the Absent Insurers, especially the absent first layer excess London Insurers, are necessary parties to this action.

Third, under Federal Rule of Civil Procedure 19(a)(1)(B)(i), the Absent Insurers have an interest relating to the subject of this action and are so situated that disposing of the action in its absence may "impair or impede the [Absent Insurers'][] ability to protect their interests." Fed. R. Civ. P. (a)(1)(B)(i). The absent London Insurers are necessary parties because they were forced to file their own declaratory action in order to protect their interests. *See* Calogero Aff., Ex. A. Moreover, disposing of this action without the Absent Insurers who issued quota share policies,

such as Lexington, may impair or impede those quota share insurers' ability to protect their interests as this Court will necessarily need to decide coverage issues regarding their shared layers of coverage with other insurers that are parties to this case. Therefore, this factor also supports the conclusion that the Absent Insurers are necessary parties because they issued insurance policies to BASF and have no ability to protect their contractual interests. For the above reasons, the Absent Insurers are necessary parties under all three of Federal Rule of Civil Procedure 19(a)'s factors and their joinder is mandatory.

      **B.    Absent Insurers Are Indispensable Parties**

Five of the Absent Insurers, including London Insurers and Lexington, cannot be joined to this action because their joinder would destroy complete diversity. Federal Rule of Civil Procedure 19(b) provides four factors for a court to consider when joinder is not feasible. Federal Rule of Civil Procedure 19(b) provides:

> 19(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>     (A) protective provisions in the judgment;
>
>     (B) shaping the relief; or
>
>     (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and

> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

These four factors are not exclusive and the court may consider other factors. *See* Fed. R. Civ. Pr. 19(b) Advisory Committee's Note (1966); *Republic of Philippines v. Pimentel*, 553 U.S. 851, 862-63 (2008).

The first factor is "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." Fed. R. Civ. P. 19(b)(1). "This factor speaks to many of the same concerns addressed by the necessity analysis under Rule 19(a)(1)(B)." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 435 (4th Cir. 2014). Here, a declaratory judgment without the Absent Insurers' involvement, and their policies, will prejudice both the Absent Insurers and the insurers already a party to this action. Specifically, the Absent Insurers will not be able to protect their separate interests and the currently pled insurers face inconsistent judgments due to existence of two more comprehensive actions. *See Nat. Union Fire Ins. Co. of Pittsburgh, PA*, 210 F.3d at 252. The risk of prejudice to Allstate and others similarly situated is particularly strong given that they are excess insurance carriers and certain underlying first level excess insurers are not parties to this action. As such, this factor weighs in favor of finding the Absent Insurers indispensable because their absence will prejudice both the Absent Insurers and existing parties.

The second factor is whether the court can tailor its relief to avoid or lessen any prejudice to the Absent Insurers and the party insurers. *See* Fed. R. Civ. P. 19(b)(2). BASF is asking the court for (1) Declaratory Judgment Defense Costs and Litigation Expenses; (2) Breach of Contract Defense Costs and Litigation Expense; and (3) Declaratory Judgment Indemnification Obligations. The Court cannot tailor the requested relief to avoid or eliminate prejudice to the Absent Insurers and the other party insurers because BASF's requested relief necessitates all applicable insurance

policies to be in front of the court for proper adjudication. Any ruling by this Court will inherently be flawed due to the inclusion of fewer parties and policies. Either the New York Action or New Jersey Action will adjudicate the entire matter. *See Schlumberger Indus., Inc.*, 36 F.3d at 1288. This factor also weighs in favor of finding the Absent Insurers indispensable because the Court cannot avoid or lessen any prejudice without the Absent Insurers.

The third factor asks whether a judgment rendered in the Absent Insurers' absence would be adequate. *See* Fed. R. Civ. P. 19(b)(3). "This factor 'focuses on the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.'" *Gunvor SA v. Kayablian*, 948 F.3d 214, 222 (4th Cir. 2020) (quoting *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d at 436). "Here the parallel proceedings could produce just the opposite: incomplete, inconsistent, and inefficient rulings." *Home Buyers Warranty Corp.*, 750 F.3d at 436. This factor weighs in favor of finding the Absent Insurers indispensable because the court will not be able to render a complete and efficient settlement of the controversies, involving defense costs and indemnification obligations, without the Absent Insurers and their policies.

The fourth and final factor asks whether BASF would have an adequate remedy if the action were dismissed for nonjoinder. *See* Rule 19(b)(4). Here, BASF has an adequate remedy available in the absence of federal litigation—state court. BASF initiated a "more comprehensive" state action in New Jersey, and any argument by BASF that state courts cannot provide adequate relief would be disingenuous. *See* Calogero Aff., Ex. B, ¶ 69. The New Jersey Action includes more insurers, more policies, and more causes of action than the instant matter. Moreover, New Jersey is a convenient forum for BASF because it is a citizen of New Jersey. There is no reason the New Jersey court will not be able to provide an adequate remedy for the parties in this case. *See Nat. Union Fire Ins. Co. of Pittsburgh, PA*, 210 F.3d at 253. As a result, this factor weighs

heavily in favor of finding the Absent Insurers indispensable because BASF has an adequate remedy if this action were dismissed.

All four factors favor a finding that the Absent Insurers are indispensable parties. Consequently, this action cannot "in equity and good conscience" proceed in the absence of the Absent Insurers. Fed. R. Civ. P. Rule 19(b).

**II.     THE COURT LACKS PERSONAL JURISDICTION OVER ALLSTATE**

In the interests of brevity, Allstate incorporates by reference as if stated verbatim herein the arguments of Coliseum, in support of their motion to dismiss on the basis this Court lacks personal jurisdiction over Allstate.

**III.    THE COURT SHOULD DISMISS OR STAY THIS CASE UNDER THE DOCTRINE OF *FORUM NON CONVENIENS***

In the interests of brevity, Allstate incorporates by reference as if stated verbatim herein the arguments of Coliseum in support of their motion to dismiss on the basis of *forum non conveniens*.

**IV.    THE COURT SHOULD DECLINE TO EXERCISE ITS DISCRETIONARY DJA JURISDICTION UNDER GENERAL PRINCIPLES OF LAW, AS WELL AS THE *BRILLHART-WILTON* AND *COLORADO RIVER* ABSTENTION DOCTRINES**

In the interests of brevity, Allstate incorporates by reference as if stated verbatim herein the arguments of the Partial AIG Insurers in support of their motion for this Court to abstain from hearing this action under the *Brillhart-Wilton* and *Colorado River* abstention doctrines.

**V.     BASF LACKS CAPACITY TO SUE IN SOUTH CAROLINA UNDER SOUTH CAROLINA'S DOOR-CLOSING STATUTE**

In the interests of brevity, Allstate incorporates by reference as if stated verbatim herein the arguments of the Partial AIG Insurers in support of their motion to dismiss based upon South Carolina's door-closing statute S.C. Code Ann. § 15-5-150.

## CONCLUSION

For the foregoing reasons, Allstate respectfully requests that the Court dismiss BASF's Complaint in its entirety.

Dated: April 24, 2024

                                       **HAMILTON STEPHENS**
                                       **STEELE + MARTIN, PLLC**

                                       By: *s/ Carmela E. Mastrianni*
                                       Carmela E. Mastrianni, SC Fed. ID. 13730
                                       M. Aaron Lay, *Pro Hac Vice Forthcoming*
                                       525 N. Tryon Street, Suite 1400
                                       Charlotte, NC  28202
                                       Telephone: (704) 344-1117
                                       Facsimile: (704) 344-1483
                                       cmastrianni@lawhssm.com
                                       malay@lawhssm.com