IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **BASF CORPORATION, as successor in interest to CIBA CORPORATION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**AIU INSURANCE COMPANY, ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, ALLIANZ VERSICHERUNGS-AG, ALLSTATE INSURANCE COMPANY, AXA GROUP AG, AXA INSURANCE COMPANY, EMPLOYERS MUTUAL CASUALTY COMPANY, FIRST STATE INSURANCE COMPANY, GRANITE STATE INSURANCE COMPANY, HDI GLOBAL INSURANCE COMPANY, HDI GLOBAL SE, INSCO LTD., INSURANCE COMPANY OF NORTH AMERICA, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, INTERSTATE FIRE & CASUALTY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, NEW ENGLAND INSURANCE COMPANY, RSA INSURANCE GROUP LIMITED, TIG INSURANCE COMPANY, TRAVELERS CASUALTY & SURETY COMPANY, TWIN CITY FIRE INSURANCE COMPANY WESTPORT INSURANCE CORPORATION and ZURICH INSURANCE GROUP LTD.,**<br><br>**Defendants.** | **Civil Action No. 2:24-cv-993 (RMG)** |

**DEFENDANTS AIU INSURANCE COMPANY, GRANITE STATE INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S NOTICE OF MOTION AND MOTION TO DISMISS OR, ALTERNATIVELY, STAY THIS ACTION**

1

To:

    David C. Kimball
    Robinson, Bradshaw & Hinson, P.A.
    202 East Main Street, Suite 201
    Rock Hill, SC 29730
    (803) 325-2900
    dkimball@robinsonbradshaw.com

    Lynda A. Bennett
    Eric Jesse
    Heather Weaver
    Lowenstein Sandler LLP
    1251 Avenue of the Americas
    New York, NY 10020
    (212) 262-6700
    lbennett@lowenstein.com
    ejesse@lowenstein.com
    hweaver@lowenstein.com

*Via E-filing*

-and-

Counsel of Record for all parties who have made an appearance, through e-filing.

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), and (6), and other applicable authority, Defendants AIU Insurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, and National Union Fire Insurance Company of Pittsburgh, Pa., by their undersigned attorneys, will move this Court at the J. Waties Waring Judicial Center, 83 Meeting Street, Charleston, SC 29401, on a date and time designated by the Court, for an order dismissing this action in its entirety, or, in the alternative, staying these proceedings in favor of the more comprehensive coverage action filed by Plaintiff BASF Corporation in New Jersey state court. The bases for relief are set forth in the accompanying Memorandum.

**PLEASE ALSO TAKE NOTICE** that Counsel states that this motion is excluded from Local Civil Rule 7.02 under Rule 7.02(A). *See* Local Civ. Rule 7.02(A) (D.S.C.).

## **MOTION**

Defendants AIU Insurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, and National Union Fire Insurance Company of Pittsburgh, Pa. (collectively, the "Partial AIG Insurers"), hereby move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (3), and (6), and other applicable authority, to dismiss the Complaint filed by Plaintiff BASF Corporation, as successor-in-interest to Ciba Corporation ("BASF"). In the alternative, the Partial AIG Insurers respectfully request the Court stay these proceedings pending resolution of the more comprehensive action filed by Plaintiff BASF Corporation in New Jersey state court.

In support of its Motion, the Partial AIG Insurers state:

- Judicial economy rarely favors two overlapping actions proceeding concurrently in state and/or federal courts. The circumstances here involve *three* duplicative actions. This overlap is unnecessary and costly to all parties involved. By filing a more comprehensive action in New Jersey state court, BASF has made its choice of forum clear. The Court should stay this action under its general authority to control its docket or dismiss this action under the *Brillhart-Wilton* and *Colorado River* abstention doctrines.

- This action involves a foreign corporation, BASF, suing foreign corporations, the Defendant insurers, on matters not concerning South Carolina. The Court should apply South Carolina's door-closing statute and dismiss this action.

- Personal jurisdiction over the Partial AIG Insurers is lacking. None of them is "at home" in South Carolina, nor is there any strong relationship between the Partial AIG Insurers, South Carolina, and the insurance policies at issue in this litigation. The Court should dismiss this action for lack of personal jurisdiction.

- Other forums are more appropriate and convenient than South Carolina, and the action should be dismissed based on *forum non conveniens*.

- BASF failed to join indispensable parties, specifically many of its other insurers that it is suing in the New Jersey action. Dismissal is warranted for that reason.

For these reasons, which are set forth more fully in the Partial AIG Insurers' accompanying Memorandum, the Court should dismiss, or alternatively stay, this action.

Respectfully submitted,

**COLLINS & LACY, P.C.**

*/s/ Christian Stegmaier*
Christian Stegmaier (Fed. Bar No. 8007)
1330 Lady Street, 6th Floor
Columbia, South Carolina 29201
cstegmaier@collinsandlacy.com
Telephone: (803) 256-2660

**ALSTON & BIRD LLP**

Adam J. Kaiser (Pro Hac Vice *forthcoming*)
Alexander S. Lorenzo (Pro Hac Vice *forthcoming*)
Elizabeth A. Buckel (Pro Hac Vice *forthcoming*)
90 Park Avenue, 15th Floor
New York, New York 10016
adam.kaiser@alston.com
alexander.lorenzo@alston.com
elizabeth.buckel@alston.com
Telephone: (212) 210-9400

*Counsel for Defendants AIU Insurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, and National Union Fire Insurance Company of Pittsburgh, Pa.*

April 24, 2024
Columbia, South Carolina